# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

EDWARD HAROLD SAUNDERS JR.                                                          PETITIONER
Reg #11022-058

v.                                            2:18cv00065-JM-JJV

GENE BEASLEY, Warden,
Forrest City Medium                                                                 RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I. PROCEDURAL HISTORY

On June 15, 1994, a jury in the Western District of North Carolina convicted Petitioner, Edward Saunders, Jr., and three codefendants of one count of conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See *United States v. Walker, et. al.,* 66 F.3d 318 (4th Cir. 1995) (unpublished). The court sentenced him to life imprisonment. Mr. Saunders appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. *Id.*

In affirming, the court summarized the evidence as follows:

Fred Arthur Williams, who testified on behalf of the government, met defendant Harris at a jazz festival in Atlanta, Georgia, in early 1989. They agreed that Harris would supply Williams with cocaine to be sold in Charlotte, North Carolina, where the street price of the drug was greater than the price then prevailing in Atlanta. Williams and defendant Saunders began making almost daily trips to ferry cocaine from Atlanta to Charlotte.

After several months business was booming, and Harris suggested that Williams use several homes in quiet, residential areas of Charlotte as cocaine storage facilities. Ralph McCallum (who also testified on behalf of the government) and defendant Tommy Walker lived in two of these homes. The homes were equipped with safes, in which cocaine and money were kept. In addition, government witness Linda Peek Walker testified that Tommy Walker had from time to time delivered cocaine to her at Williams' direction.

Defendant Dubose's job, according to Williams, was to take the bulk cocaine delivered to Charlotte and to prepare it for sale by cutting it into smaller quantities.

> Eventually, Dubose also obtained cocaine in Florida and distributed it in Charlotte. Two other witnesses confirmed Dubose's role.

*United States v. Walker, et. al.,* 66 F.3d 318 (4th Cir. 1995) (unpublished) at 1.

On April 9, 1997, Mr. Saunders filed a 28 U.S.C. § 2255 motion to vacate his sentence in the Western District of North Carolina. *Saunders v. United States*, 3:97CV00168-RDP (W.D.N.C. 1997). The court denied Mr. Saunders's motion on July 14, 1997, and the Fourth Circuit affirmed the court's decision on March 20, 1998. *Id.* Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on April 1, 1996. *Id.*

On October 30, 2000, the Fourth Circuit denied Petitioner's application to file a successive § 2255 motion. See *Saunders v. United States*, 3:12CV00686-FDW (W.D.N.C. 2012), Doc. No. 2. On July 13, 2001, Petitioner filed another § 2255 collateral attack on his conviction and sentence. *Id.* The court dismissed the motion as successive on March 7, 2003. Petitioner appealed that decision and the Fourth Circuit again dismissed his appeal. *Id.*; citing *Saunders v. United States*, No. 03-6581 (4th Cir. July 30, 2003). On April 5, 2007, the court dismissed another successive motion under Section 2255 and Petitioner appealed. *Id.* Again, the Fourth Circuit dismissed the appeal. *Id.*; citing *Saunders v. United States*, No. 08-6213 (4th Cir. Apr. 30, 2008) (unpublished). On October 17, 2012, Petitioner again sought § 2255 relief contending he was improperly designated as a career offender because his prior convictions no longer qualified as predicate felonies based on the Fourth Circuit's opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). *Saunders v. United States*, 3:12CV00686-FDW (W.D.N.C. 2012), Doc. No. 1 at 3. The court dismissed it as successive and denied a certificate of appealability. *Id.* at Doc. No. 2. Mr. Saunders did not attempt to appeal.

Now, Mr. Saunders, an inmate at the Forrest City Medium Federal Correctional Institute, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 habeas Petition. (Doc. No.

3

1.) For the following reasons, I find this Court lacks jurisdiction and recommend the Petition be dismissed.

## II. ANALYSIS

Mr. Saunders argues that he is not a career criminal based on recent holdings by the United States Supreme Court. He advances the idea that *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016), invalidates at least one of the predicate offenses that was used to convict him as a career criminal. (Doc. No. 1 at 7.)

But inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).[1] Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Saunders cites to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and argues that this Court should exercise jurisdiction over his claims through § 2255(e) "savings clause." *Id*. at 594-595. But the *Hill* decision was narrowly tailored and should not apply here.

---

[1] Mr. Saunders knows this because in 2001 - as he has done here - he filed a § 2241 petition in the Western District of North Carolina. *Saunders v. United States*, 3:01CV00413-GCM. Rather than dismiss the case, the court transferred the case to the district where Mr. Saunders was confined – the Eastern District of North Carolina. The court dismissed the petition, citing essentially the same reasons I cite here. *Saunders v. United States*, 5:01-HC7-37-H. Mr. Saunders appealed and the Fourth Circuit affirmed.

As a purely practical matter, the sentencing court is in the best position to address Mr. Saunders's claims. As the Sixth Circuit Court of Appeals has aptly said:

> Our decisions indicate that § 2255 is intended to be an avenue of relief to be pursued before the court which imposed sentence. In *Martin v. Perez*, 319 F.3d 799, 802-3 (6th Cir. 2003), we explained that Congress enacted § 2255 as a means of ensuring a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the jurisdiction of confinement, which would typically have to start from scratch. Section 2255 is not a different form of relief from § 2241, but rather, a different avenue intended to provide a more convenient process for prisoners who can pursue relief before the sentencing court. *Id*. The savings clause of § 2255 provides that, on a showing that the § 2255 remedy is "inadequate or ineffective to test the legality of the detention," a prisoner may seek a writ of habeas corpus under § 2241.

*Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).

All of the *Witham* criteria apply here. Having already tried and failed multiple times at a § 2255 petition in the Western District of North Carolina does not automatically render such a petition ineffective or inadequate as a matter of law. And although his application to file a successive petition was previously denied, Mr. Saunders could again apply to the Fourth Circuit for permission to file another § 2255 petition.

For this Court to be permitted to invoke jurisdiction over his § 2241 Petition, Mr. Saunders must *prove* the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). This he has failed to do.

Accordingly, the Eastern District of Arkansas lacks jurisdiction so this Petition must be dismissed or transferred to the Western District of North Carolina. Because Mr. Saunders has already sought and was denied permission to file a successive petition, I recommend dismissal of his Petition rather than transfer.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc.

No.1) be dismissed for lack of jurisdiction.

    DATED this 23rd day of May, 2018.

                                        _____
                                        JOE J. VOLPE
                                        UNITED STATES MAGISTRATE JUDGE